UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 09-20343-CIV-HUCK/O'SULLIVAN

EMILIO PINERO,

    Plaintiff,

v.

CORP. COURTS AT MIAMI LAKES, INC.,

    Defendant.
_____/

## ORDER IMPOSING SANCTIONS

THIS CAUSE came on before the Court *sua sponte*. On February 20, 2009, Judge Paul C. Huck, the United States District Court Judge to whom this case is assigned, entered a scheduling order [DE # 4] setting this cause for trial during the two- week period commencing June 15, 2009 and requiring the parties to complete mediation prior to trial.[1] Judge Huck later entered an Order referring the parties to a settlement conference [DE # 25] before the undersigned.

On April 20, 2009, I issued an Order Scheduling Settlement Conference [DE # 26] setting a settlement conference in this matter for 9:30 a.m. on May 12, 2009. Although Plaintiff's counsel appeared at the settlement conference, Plaintiff did not appear. Defendant's counsel and Defendant's were present.[2]

When I inquired from Plaintiff's counsel why her client was not present, she indicated that,

---

[1] Paragraph 7 of Judge Huck's February 20, 2009 order provides: " 7. Non-compliance with any provision of this Order may subject the offending party to sanctions, including dismissal of claims or striking of defenses. It is the duty of all counsel to enforce the timetable set forth herein in order to insure an expeditious resolution of this cause."

[2] Although Defendant's counsel and Defendant's representative were present at the settlement conference, they both arrived late to the conference.

in her opinion, Plaintiff's personal appearance was not necessary because she had full settlement authority for her client. It was clear from Plaintiff's counsel's statements that she had determined that Plaintiff's personal presence was unnecessary despite the clear language in the Court's Order Scheduling Settlement Conference **[DE # 26]** to the contrary.

Upon the request of the Court, Plaintiff's counsel called her client to request that he come to the Court immediately in order to proceed with the settlement conference. Plaintiff's counsel left the courtroom with her paralegal presumably to make the phone call to Plaintiff. Plaintiff left the Court waiting for approximately 20 minutes. When Plaintiff's counsel returned, she informed the Court that Plaintiff could participate in the settlement conference by telephone or, if that was unacceptable to the Court, Plaintiff could come to the courthouse in "an hour and a half."

Plaintiff's counsel then asked the Court to reschedule the settlement conference to begin at 1:00 PM or the next day, May 13, 2009. I informed Counsel that neither option was acceptable to the Court as rescheduling the settlement conference would conflict with other matters.

Federal Rule of Civil Procedure 16(a) provides that a court may order parties to appear for a pretrial conference in order to facilitate settlement. Rule 16(f) allows the Court to "issue any just orders . . . if a party or its attorney: (A) fails to appear at a scheduling or other pretrial conference; (B) is substantially unprepared to participate - or does not participate in good faith - in the conference; or (C) fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f). Rule 16(f)(2) clearly authorizes the imposition of sanctions for these failures: "Instead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses - including attorney's fees - incurred because of any noncompliance with [Rule 16], unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 16(f). "Rule 16(f) sanctions were 'designed to punish lawyers and parties

for conduct which unreasonably delays or otherwise interferes with the expeditious management of trial preparation.' *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985). And district courts have discretion to decide if there is a pattern of delay or a deliberate refusal to comply with court orders or directions that justifies a sanction." *United States v. Samaniego*, 345 F.3d 1280, 1284 (11th Cir. 2003).

United States District Court for the Southern District of Florida Local Rule 16 also requires that mediation be conducted in every civil case with few enumerated exceptions not applicable here. Local Rule 16.2(D). Local Rule 16.2(E) further requires that each party "shall be present at the mediation conference with full authority to negotiate a settlement. . . . Failure to comply with the attendance or settlement authority requirements may subject a party to sanctions by the Court."

My April 30, 2009 Order Scheduling Settlement Conference echoes the requirements of Federal Rule of Civil Procedure 16 and Local Rule 16. The April 30, 2009 Order clearly required that:

> 1. The Settlement Conference <u>shall</u> be attended by all parties, corporate representatives, and their counsel of record. Each side shall have a party representative present with <u>full authority</u> to negotiate <u>and finalize</u> any settlement agreement reached. Failure of a party representative <u>with full and final authority</u> to make and accept offers of settlement to attend this conference, may result in the undersigned's *sua sponte* recommendation that sanctions be entered against the offending party.
>
> and
>
> 10. **<u>SANCTIONS WILL BE IMPOSED FOR FAILURE TO FOLLOW ANY REQUIREMENTS OF THIS ORDER.</u>**

Plaintiff failed to attend the May 12, 2009 settlement conference in violation of the April 30, 2009 Order, Federal Rule of Civil Procedure 16 and Local Rule 16. As I explained above, it is clear

that Plaintiff's counsel deliberately chose to ignore the requirements of the Court's April 30, 2009 Order which required Plaintiff to personally attend the settlement conference. Plaintiff's counsel chose to disregard the requirements of the Court's order because she decided that she could sufficiently present to the Court and opposing counsel her client's demands without having him present.

Plaintiff's counsel's complete disregard for the Court is made even more significant here because this matter is set for trial in only one month, which leaves the parties little time to schedule a private mediation and makes it nearly impossible for the parties to obtain another date for a settlement conference with the Court. The Court expeditiously set this matter on its docket for a settlement conference in order to accommodate the fact that the trial date is rapidly approaching. For Plaintiff's counsel to suggest that the Court simply reschedule the settlement conference for later in the day or on the very next day reflects Plaintiff's counsel's total indifference to the Court's busy schedule and to opposing counsel and his client. Plaintiff's counsel is admonished to consider the words of the Eleventh Circuit in the case *In re Novak*, 932 F.2d 1397, 1404-05 (11th Cir. 1991):

> Settlement conferences are valuable tools for district courts. First, they provide neutral forums to foster settlement, which, in turn, 'eases crowded court dockets and results in savings to the litigants and the judicial system.' Fed. R. Civ. P. 16 advisory committee notes. Second, settlement conferences allow courts to *manage* their dockets efficiently. . . . At these conferences, courts receive important information from the parties concerning the status of cases. Relying on this information, courts then plan ahead, scheduling trials, hearings and other necessary matters. This allows district courts to maximize the use of their valuable time, to the benefit of the public and the parties appearing before them. Thus, in addition to aiding the litigants, settlement conferences, like all pretrial conferences, benefit courts by providing them an opportunity to gather information they need to manage the judicial process efficiently.

The Eleventh Circuit continued in *Novak*:

> The value of the court's efficient management of its docket cannot be underestimated. In particular, if the court is able to adjudicate cases efficiently,

without much delay, it reduces the costs to the taxpayers and the expenses incurred by jurors, witnesses, parties, and lawyers. This, in turn, creates an atmosphere more conducive to administering justice. . . . At a time when the federal courts [and judges] - which are a scarce dispute resolution resource, indeed - are straining under the pressure of an ever-increasing caseload . . . we simply cannot permit litigants to waste the court's assets, not to mention those of their adversaries, in this manner. *Id.* at 1404-05 (citations omitted).

Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

1.   Plaintiff counsel, Lauren Wassenberg, is personally subject to sanctions in the amount of $2,500.00 for her deliberate and willful refusal to comply with the Court's April 30, 2009 Order.

2.   Plaintiff's counsel, Lauren Wassenberg, shall deposit $2,500.00 in the registry of the Court on or before June 1, 2009.

**DONE and ORDERED** in chambers at Miami, Florida this _14_ day of May, 2009.

                                                **PETER R. PALERMO**
                                              **SR. UNITED STATES MAGISTRATE JUDGE**

cc:   District Judge Paul C. Huck
      Magistrate Judge John O'Sullivan
      All Counsel of Record