UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 09-20343-CIV-HUCK/O'SULLIVAN

EMILIO PINERO,

    Plaintiff,

vs.

CORP. COURTS AT MIAMI LAKES, INC.,

    Defendant.

_____/

## ORDER OF DISMISSAL

THIS MATTER is before the Court upon the Defendant's Motion to Strike Plaintiff's Motion for Partial Summary Judgment and to Dismiss Plaintiff's Complaint for Failure to Attend Court Ordered Settlement Conference filed May 14, 2009 [D.E. #36] and Plaintiff's Motion for Reconsideration of the Order Imposing Sanctions on Plaintiff's Counsel and for Stay of the Order Pending Appeal filed on May 18, 2009 [D.E. #38].

The Court entered a Scheduling Order on February 20, 2009, requiring the parties to complete mediation prior to trial. That order clearly indicates that "non-compliance with any provision of this Order may subject the offending party to sanctions, including dismissal of claims or striking of defenses. It is the duty of all counsel to enforce the timetable set forth herein in order to insure an expeditious resolution of this cause." The Court subsequently granted the Defendant's Motion for a Settlement Conference and entered an order referring the case United States Magistrate Judge Peter R. Palermo for the purpose of conducting a settlement conference. Pursuant to that reference, Magistrate Judge Palermo issued an Order Scheduling Settlement Conference on April 30, 2009 setting a settlement conference on May 12, 2009 at 9:30 a.m. Magistrate Judge Palermo's scheduling order clearly states that the settlement conference shall be attended by all parties. The Plaintiff did not attend the settlement conference and, as more fully described in Magistrate Judge Palermo's Order Imposing Sanctions issued on May 14, 2009, the Plaintiff's counsel was personally sanctioned $2,500.00 for deliberate and willful refusal to comply with the Magistrate Judge Palermo's orders.

Upon review of the record, the Court finds that the Plaintiff has repeatedly failed to comply with the Court's orders. First, as noted in Magistrate Judge Palermo's Order Imposing Sanctions, the

Plaintiff failed to appear at the settlement conference despite a clear requirement to so appear.[1] Second, the Plaintiff has not timely complied with this Court's Scheduling Order requiring mediation to be completed by March 12, 2009.[2] Orders requiring mediation and a settlement conference are specifically intended to expedite disposition of the action, ensure efficient management of the case, improve the quality of the trial, encourage a timely resolution of the dispute, facilitate settlement and conserve the resources of both the judiciary and the litigants.  The Plaintiff had ample notice of both the required mediation deadline (twenty days time from entry of Scheduling Order to expiration of mediation deadline) and the date of the settlement conference (twelve days time from entry of Order Scheduling Settlement Conference to date of settlement conference).  The Plaintiff did not file any request for enlargement of time or otherwise notify the Court that he would be unable to appear or meet those deadlines.  The Court finds that the Plaintiff's repeated refusal to comply with the Court's orders has unreasonably interfered with the expeditious resolution of this case.

Each of the orders that Plaintiff failed to comply with also clearly stated that noncompliance could result in sanctions.  Pursuant to Federal Rule of Civil Procedure 16(f), the Court may impose sanctions if a party or party's attorney fails to appear at a pretrial conference or fails to obey a scheduling or pretrial order.  Rule 16(f) sanctions were "designed to punish lawyers and parties for conduct which unreasonably delays or otherwise interferes with the expeditious management of trial preparation." *United States v. Duran Samaniego*, 345 F.3d 1280, 1284 (11th Cir. 2003) citing *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985).  The Court finds that the appropriate sanction for the Plaintiff's noncompliance with the Court's orders, as demonstrated by his failure to appear at the settlement conference and failure to timely schedule mediation, is dismissal of the complaint without prejudice.

Additionally, Rule 16(f)(2) provides that "[i]nstead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses--including attorney's

---

[1] The Plaintiff argues in his Motion for Reconsideration that Rule 16 does not permit the Court to order parties to appear for pre-trial conferences.  However, Rule 16(c) states, "If appropriate, the court may require that <u>a party</u> or its representative be present or reasonably available by other means to consider possible settlement." Fed. R. Civ. P. 16(c)(1) (emphasis added).  In this case, Magistrate Judge Palermo's Order Scheduling Settlement Conference appropriately stated that party attendance was required.

[2] The Plaintiff also ignored the deadline for filing dispositive motions in the Scheduling Order, as his motion for summary judgment was filed three days after the deadline for such motions.

fees--incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust." In accordance with that Rule, the Court is requiring the Plaintiff to pay the reasonable expenses incurred by Defendant, including attorney's fees, resulting from the Plaintiff's failure to appear at the scheduled settlement conference. The Court finds that the Plaintiff's noncompliance in this action was not substantially justified and that an award of expenses and attorney's fees are just.

Therefore, the Court having reviewed the record, the motions, and being otherwise duly advised, it is ordered that:

1. The Defendant's Motion to Strike Plaintiff's Motion for Partial Summary Judgment and to Dismiss Plaintiff's Complaint for Failure to Attend Court Ordered Settlement Conference [D.E. #36] is granted in part and denied as moot in part.

   A. The Motion to Dismiss granted and the case is dismissed without prejudice.

   B. The Motion to Strike Plaintiff's Motion for Partial Summary Judgment is denied as moot. All pending motions not addressed in this order are now moot. Therefore, the Plaintiff's Motion for Partial Summary Judgment is moot and there is no need for the Court to address the Defendant's request to dismiss that motion.

2. The Plaintiff's Motion for Reconsideration of the Order Imposing Sanctions on Plaintiff's Counsel and for Stay of the Order Pending Appeal [D.E. #38] is denied in part and granted in part.

   A. The Motion for Reconsideration is denied.

   B. The Motion for Stay of the Order pending appeal is granted.

3. The Plaintiff shall pay Defendant's reasonable expenses, including attorney's fees, incurred because of the Plaintiff's failure to appear at the scheduled settlement conference.

Accordingly, and for the reasons stated herein, this case is dismissed without prejudice. Any pending motions are denied as moot, and the case is closed.

DONE AND ORDERED in Chambers, Miami, Florida, May 20, 2009.

Paul C. Huck
United States District Judge

**Copy furnished to:**
All Counsel of Record